UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-173-01 (PJS/DTS)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTON JOSEPH LAZZARO,

    Defendant.

**GOVERNMENT'S PROPOSED VOIR DIRE**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Emily Polachek, Laura Provinzino, and Melinda Williams, Assistant United States Attorneys, hereby submits the attached list of proposed voir dire questions to be presented to the prospective jurors to be examined in this case, under the procedures set forth in Rule 24(a), Federal Rules of Criminal Procedure.

Dated:  March 6, 2023

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

s/ *Emily Polachek*

BY:   EMILY A. POLACHEK
LAURA M. PROVINZINO
MELINDA A. WILLIAMS
Assistant United States Attorneys

## Basic Background

1.  Please state your name, city of residence, and occupation. Please provide the same information as to your spouse/partner and children. If retired, what was your occupation before retiring?

2.  Where were you born and raised?

3.  What is your educational background?

4.  Have you ever served in the military? If so, please describe where, when, and in which branch you serve(d).

5.  Are there any magazines, newspapers, blogs, or Internet sites that you read on a regular basis? If so, describe.

6.  Do you regularly watch any law-related programs (factual or fictional programs) or listen to Podcasts? Which ones? Based on the programs you watch, have you formed an opinion regarding the type of evidence necessary for the government to satisfy its burden of proof? If so, can you put those opinions aside and decide the case based only on the evidence presented in the courtroom during the course of this trial?

7.  What are your favorite hobbies or favorite activities? Do you belong to any organizations, groups, or churches? If so, which ones and what is the extent of your involvement?

## Knowledge of the Case and Case Participants

8.  Have you heard of this case before today? If so, when and how? Have you developed an opinion on the guilt or innocence of the defendant? If selected as a juror in this case, will you be able to set aside what you may have learned through other sources and decide the case based only on the evidence presented during the trial?

9.  Are you acquainted with the defendant, his lawyers, Daniel Gerdts and Steven Kessler, or the government's lawyers, Emily Polachek, Laura Provinzino, and Melinda Williams, or the government's agents, FBI Special Agent Richard Waller and BCA Task Force Officer Brandon Brugger?

10. Do you know any of the other prospective jurors?

11. Do you know any of the prospective witnesses? [Read witness list]

12. Is anyone acquainted with the Judge or his court staff?

## Previous Jury Service

13. Have you served as a juror before on a case, or on a grand jury? How many times?

14. Was the prior case a criminal or civil matter? What was the nature of the case?

15. Was the prior case in federal or state court?

16. In that prior case, were you able to reach a verdict? What was the verdict? Were you the foreperson?

17. Was there anything about your previous jury experience that would lead you to feel that you may have some prejudices either for or against the prosecution or the defense?

## Previous Contact with the Criminal Justice System

18. Have you, your relatives, close friends, or neighbors ever worked in law enforcement, such as a police officer, deputy sheriff, federal agent, or prosecutor?

19. If so, is there anything about your experience or relationship with these individuals that would affect your approach to this case?

20. Do you have any legal training? Have you taken any law-related courses in school?

21. Do you have any relatives, close friends, or neighbors who are lawyers, judges, or are employed in another job within the legal profession?

22. Have you ever testified in court? Is there anything about that experience that would affect your approach to this case?

23. Have you, your relatives, close friends, or neighbors had any type of encounter with the Minneapolis Police Department, Minnesota Bureau of Criminal Apprehension, including their Minnesota Human Trafficking Investigators Task Force, Wright County Sheriff's Office, West Hennepin Police Department, or FBI, or any other law enforcement agency, including as the victim of or witness to a crime? What

was the nature of the encounter? Was it resolved in a manner that left you with any hard feelings?

24.   Some of the witnesses in this trial are likely to be law enforcement officers. Do you have any prejudices either against or in favor of law enforcement officers? If so, what are they?

25.   Have you, your relatives, close friends, or neighbors ever been accused of, investigated for, charged with, or convicted of a crime? Do you believe that law enforcement officials and the court properly handled the matter?

## Case Specific

26.   Have you or a close relative or friend ever been a victim of child or sexual abuse? Do you believe that law enforcement officials and the court properly handled the matter? Why/why not? If you or someone close to you has been a victim of child or sexual abuse, would that experience affect your ability to be fair and impartial in this case?

27.   Have you, your spouse, or any member of your family or a close friend ever been accused of solicitation, patronization, prostitution, sex trafficking or related crimes? If so, what were the circumstances?

28.   Have you, your spouse, or any member of your family or a close friend used Internet-based sites, such as Seeking Arrangement or Seeking, to engage in commercial sex acts? Have you or any of those people close to you engaged in a something that could be classified as a "Sugar Daddy/Sugar Baby" relationship?

29.   Have you, your spouse, or any member of your family or a close friend ever been accused of promoting prostitution, sex trafficking or related crimes? Or of hiring/patronizing a prostitute? What was your reaction to that? Did anything about those experiences make you unable to be fair and impartial in this case?

30.   Do you have any preconceived ideas, expectations, or beliefs as to how victims of commercial sexual exploitation will act or react when they testify in court? If so, what are they?

31.   This case involves evidence of commercial sex acts with minors. Do you have an opinion as to whether commercial sex acts should be legal? If so, what is that opinion? Do you have any opinions as to whether the criminal justice system should get involved in cases involving prostitution?

4

32. Would you disbelieve the testimony of a witness solely because you did not like the witness's appearance, attitude, background, or lifestyle?

33. Have you or any of your close friends or relatives ever participated in, belonged to, or otherwise supported any organization that advocates for the liberalization of laws prohibiting adults from engaging in sexual activity with minors? If not, do you agree with the beliefs of any such organizations?

34. Do you consider yourself to have particular expertise with computers or other electronics based on your work experience, education, or simply time spent using computers?

35. Do you have any experience in the field of digital forensics? Do you know anyone with such a background?

36. Are you able to rely on digital evidence to help you assess guilt or innocence?

## Following Instructions and Service as a Juror

37. If selected as a juror in this case, will you apply the law as given by the Court, regardless of whether you agree or disagree with it?

38. Do you have any general disagreement about the operation of the criminal justice system in the United States?

39. Do you have any religious or philosophical convictions that would make it difficult for you to be a fair and impartial juror in this case?

40. Do you have any mental or physical conditions which would make it difficult for you sit as a juror? Do you have a problem with your hearing, your eyesight, or any other physical disability, which would in any manner prevent you from either hearing or seeing the evidence presented at trial?

41. Are you taking any medication that might interfere with your ability to concentrate, understand, consider, and weigh the evidence in this case?

42. Do you have any difficulties understanding the English language?

43. Based upon the discussions you have heard during voir dire, is there any reason why you feel you cannot be a fair and impartial juror in this case?

5

44.     A part of the evidence in this case will be information regarding evidence of a sexual nature.  However, the prospect of having to hear about such evidence is not a basis to avoid the responsibility of jury service.  Many cases, both criminal and civil, involve such things.  If we excused prospective jurors on the ground that jury duty makes demands—including some unpleasant demands—then we could not function.  Moreover, the parties have the right to expect that prospective jurors will not seek to avoid jury service simply because they would rather not serve, or because they would like to avoid some unpleasantness.  Having said that, is there anyone who honestly believes there is some compelling reason why he or she could not be an impartial juror—that is to consider all of the evidence and follow the law—simply because there will be evidence of a sexual nature in the trial?