UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-173-01 (PJS/DTS)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ANTON JOSEPH LAZZARO,
a/k/a Tony Lazzaro,
a/k/a Tony,

        Defendant.

**JOINT PROPOSED JURY
INSTRUCTIONS**

The United States of America, by and through its attorneys, Andrew M. Luger,

United States Attorney for the District of Minnesota, and Emily Polachek, Laura

Provinzino, and Melinda Williams, Assistant United States Attorneys, hereby submits

the following proposed jury instructions, which include instructions proposed by both

the United States and Defendant, as well as any disputes between the parties as to

proposed language and/or instructions.  The parties reserve the right to submit

additional proposed instructions of law at the close of the evidence.

Respectfully submitted,

Dated:  March 6, 2023                          ANDREW M. LUGER
                                               United States Attorney

                                               *s/ Emily Polachek*
                                               BY: EMILY A. POLACHEK
                                               Attorney Reg. No.0390973
                                               LAURA M. PROVINZINO
                                               Attorney Reg. No. 0329691
                                               MELINDA A. WILLIAMS
                                               Attorney Reg. No. 491005 (D.C.)
                                               Assistant United States Attorneys

**PRELIMINARY INSTRUCTIONS FOR USE**

**BEFORE OPENING STATEMENTS**

JURY INSTRUCTION NO. 1.

**General Preliminary Instruction**

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial, I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

[Describe your court's policy, such as "You must leave your cell phone, smart phone, iPhone and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have cell phones in the jury room during your deliberations. You may give the cell phone to the [court security officer] [deputy clerk] for safekeeping just before you start to deliberate. It will be returned to you when your deliberations are complete."][1]

This is a criminal case, brought against the defendant by the United States. The defendant is charged with one count of conspiracy to commit sex trafficking of a minor, five counts of sex trafficking or attempted sex trafficking of a minor, and one count of

---

[1] Defendant did not include this this language in his proposed instructions. The Government defers to the Court as to whether this or similar language should be used.

obstructing a sex trafficking investigation.[2] Those charges are set forth in what is called an indictment, which reads as follows:

[The Government requests that the Court read the indictment (Counts 1 through 7) for the jury.][3]

You should understand that an indictment is simply an accusation. It is not evidence of anything. The defendant has pleaded not guilty, and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crimes charged.  From the evidence, you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdicts.  You are the sole judges of the facts, but you must follow the law as stated in my instructions, whether you agree with it or not.  You have taken an oath to do so.

---

[2] Defendant suggests the Court instruct the jury that Defendant is charged with "the following criminal offenses: Sex Trafficking of Minors and Obstruction of Justice." The Government believes its suggested language better tracks the indictment and the charged offenses (i.e., obstruction of a sex trafficking investigation).

[3] Defendant does not suggest that the Court read the Indictment.

Do not allow sympathy or prejudice to influence you.  The law demands of you just verdicts, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdicts should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crimes charged, not for anything else.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.01 (2022) (modified)

JURY INSTRUCTION NO. 2.

**Elements of the Offense—Preliminary**

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, which the government must prove beyond a reasonable doubt to make its case.

Under Title 18, United States Code, Section 1591, it is a federal crime to recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit, in or affecting interstate or foreign commerce, a person for the purposes of engaging in a commercial sex act, where the defendant knew or recklessly disregarded that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.[4]

The crime of conspiracy to commit sex trafficking, as charged in Count 1 of the Indictment, has three elements:

> *One*, that between May 2020 and December 2020, two or more people reached an agreement to commit the crime of sex trafficking of a minor;

> *Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; and

---

[4] The Government requests that the Court include this recitation of the Trafficking Victims Protection Act.

*Three*, at the time the defendant joined the agreement, he knew the purpose of the agreement.

The crime of sex trafficking and attempted sex trafficking of a minor, as charged in Counts 2–6 of the Indictment, has three elements:

*One*, the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, <u>advertised</u>[5], maintained, patronized, or solicited by any means Minor A (Count 2), Minor B (Count 3), Minor C (Count 4), Minor D (Count 5), or Minor E (Count 6), or attempted the same;

*Two*, the defendant knew or recklessly disregarded the fact that <u>Minor A (Count 2), Minor B (Count 3), Minor C (Count 4), Minor D (Count 5), or Minor E (Count 6)</u>[6] was under 18 years of age and would be caused to engage in a commercial sexual act; and

*Three*, the offense was in or affected interstate or foreign commerce.

Note that the government is not required to prove that the defendant knew or recklessly disregarded the fact that Minor A (Count 2), Minor B (Count 3), Minor C

---

[5] The Government did not charge Defendant with advertising, which requires a different mens rea. The Government therefore objects to its inclusion here, and in other places the Defendant suggested that it be added.

[6] Defendant suggests simply saying "the person," but the Government believes this language more accurately reflects the indictment.

(Count 4), Minor D (Count 5), or Minor E (Count 6) were under 18 years of age if the defendant had a reasonable opportunity to observe the person.

The crime of obstruction and interference with the enforcement of the federal sex trafficking statute set forth in 18 U.S.C. §§ 1591(a) and (d), as charged in Count 7 of the Indictment, has three elements:

> *One*, the defendant was being investigated or prosecuted for sex trafficking of a minor;

> *Two*, the defendant knew of that investigation or prosecution, <u>or had reason to believe of its existence</u>[7]; and

> *Three*, the defendant voluntarily and intentionally acted in some way to obstruct, attempt to obstruct, interfere with, or prevent that investigation or prosecution.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial, I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

---

[7] Defendant does not include the underlined language in his instruction, but the Government asserts that it is consistent with this Court's holding in *United States v. Stennis*, No. 20-cr-19 (PJS/BRT), 2022 WL 2312214, at *6 n.9 (D. Minn. June 27, 2022).

Manual of Model Criminal Jury Instructions for the Eighth Circuit §§ 1.02, 5.06A-1, 6.18.1591 (2022); 18 U.S.C. §§ 1591(a)(1), 1591(b)(2), 1591(c), 1591(d), 1594(a), 1594(c); *United States v. Stennis*, No. 20-cr-19 (PJS/BRT), 2022 WL 2312214, at *6 n.9 (D. Minn. June 27, 2022); *United States v. Stennis*, No. 20-cr-19 (PJS/BRT) (D. Minn. Oct. 7, 2021), ECF No. 153 at 11.

JURY INSTRUCTION NO. 3.

## Evidence

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed—that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence.  I will list those things for you now:

1.      Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.      Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not

for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms.  The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.03 (2022).

JURY INSTRUCTION NO. 4.

## Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.05 (2022) (modified).

JURY INSTRUCTION NO. 5.

**No Transcript Available—Note-Taking**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.06A (2022).

JURY INSTRUCTION NO. 6.

**Bench Conferences and Recesses**

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.07 (2022).

JURY INSTRUCTION NO. 7.

**Conduct of the Jury**

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second,* do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended, and you have been discharged as jurors.

*Third,* when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended, and your verdicts have been accepted by me.  If someone should try to talk to you about the case during the trial, please report it to the [describe person].

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

16

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial.  You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence.  You must not communicate with anyone or post information about the parties, witnesses, participants, charges, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so.  If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions.  That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried.  During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case.  Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, computer, any online service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, Tiktok, Instagram, YouTube, Twitter, or any other way to communicate to anyone any information about this case until I accept your verdicts.

*Sixth*, do not do any research—on the Internet, via electronic devices, in libraries, in the newspapers, or in any other way—or make any investigation about this case on

your own.  Do not visit or view any place discussed in this case and do not use any computerized devices or phones to electronically search online for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read anything about this case, whether it is a news story, an article in print, something online, something on social media, or in any blog or app about this case or anyone involved with it.  Do not listen to any radio, television, online, video, or other types of reports about the case or about anyone involved with it.  In fact, until the trial is over, I suggest that you avoid reading any news at all and avoid listening to any broadcasts of any kind, to include electronic kinds such as podcasts.  I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it.  If you want, you can have your spouse, or a friend clip out or save any stories for you to look at after the trial is over.  I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court.  If you do any research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been

tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process.  If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules.  Remember, you have taken an oath to abide by these rules and you must do so.  <u>Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.</u>[8]

*Eighth,* do not make up your mind during the trial about what the verdicts should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*Ninth*, faithful performance by you of your duties as jurors is vital to the administration of justice.  You should perform your duties without prejudice or fear, and solely from a fair and impartial consideration of the whole case.

<u>Our system of justice depends on jurors like you being able and willing to make careful and fair decisions. A first response is often like a reflex; it may be quick and automatic. Even though a quick response may not be the result of conscious thought, it may influence how we judge people or even how we remember or evaluate evidence.</u>

---

[8] Defendant does not suggest the underlined language, but the Government believes it is an appropriate instruction.

19

<u>You must not decide this case based on personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases such as stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Take the time to reflect carefully and consciously about the evidence.[9]</u>

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.08 (2022) (modified).

---

[9] The Government objects to the underlined language, which is bracketed as optional in the model instructions. Here, there is no need for an implicit bias instruction as there is no suggestion that Defendant belongs to a protected class subject to implicit biases.

JURY INSTRUCTION NO. 8.

**Outline of Trial**

The trial will proceed in the following manner:

First, the government will make an opening statement.  Next the defendant's attorney may, but does not have to, make an opening statement.  An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The government will then present its evidence and counsel for the defendant may cross-examine.  Following the government's case, the defendant may, but does not have to, present evidence, testify or call other witnesses.  If the defendant calls witnesses, the government may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you.  As with opening statements, closing arguments are not evidence.  The court will instruct you further on the law.  After that, you will retire to deliberate on your verdict.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.09 (2022).

**INSTRUCTIONS FOR USE DURING TRIAL**

JURY INSTRUCTION NO. 9.

**Duties of Jury—Recesses**

During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else.  Do not allow anyone to discuss the case with you or within your hearing. Only you have been chosen as jurors in this case, and only you have sworn to uphold the law—no one else has been chosen to do this.  You should not even talk among yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision.  If anyone tries to talk to you about the case, please let me know about it immediately.

When I say "you must not discuss the case with anyone," I also mean do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program about this trial.  Do not conduct any electronic research or consult with any other sources about this case, the people involved in the case, or its general subject matter.  You must keep your mind open and free of outside information.  Only in this way will you be able to decide the case fairly, based solely on the testimony, evidence presented in this courtroom, and my instructions on the law. If you decide this case on anything else, you will have done an injustice.  It would be a violation of your oath for you to base your decision on someone else's view or opinion,

or upon other information you acquire outside the courtroom.  It is very important that you follow these instructions.

I may not repeat these things to you before every recess but keep them in mind throughout the trial.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 2.01 (2022).

JURY INSTRUCTION NO. 10.

**Witness Who has Pleaded Guilty**

You are about to hear that the witness Gisela Castro Medina pleaded guilty to crimes that arose out of the same events for which the defendant is on trial here.  <u>You may consider that guilty plea to be the witness's acknowledgment of her participation in the offense.  But</u>[10] you must not consider that guilty plea as any evidence of this defendant's guilt.  You may consider that witness's guilty plea only for the purpose of determining how much, if at all, to rely upon her testimony.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 2.19 & n.1 (2022) (modified); *United States v. Roth*, 736 F.2d 1222, 1226 (8th Cir. 1984).

---

[10] Defendant does not suggest the underlined language, but the Government requests that this language be included as an accurate statement of the law as set forth in *United States v. Roth*, 736 F.2d 1222, 1226 (8th Cir. 1984).

**INSTRUCTIONS FOR USE AT THE END OF TRIAL**

JURY INSTRUCTION NO. 11.[11]

**Introduction**

*Government's Proposed Instruction:*

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important.  This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.01 (2022).

---

[11] The Government proposes the Eighth Circuit model instruction, whereas Defendant requests the O'Malley instruction.

*Defendant's Proposed Instruction:*

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the court, and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the court in these instructions, you, of course, are to be governed by the instructions given to you by the court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions. Neither are you to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict on any other view or opinion of the law than that given in these instructions of the court just as it would be a violation of your

sworn duty, as judges of the facts, to base your verdict on anything but the evidence received in the case.

You were chosen as jurors for this trial to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the pleas of not guilty by the defendants.

In deciding the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends on the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the court. Both the defendants and the public expect that you will impartially consider all the evidence in the case, follow the law as stated by the court and reach a just verdict, regardless of the consequences.

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 12.01 (6th ed.).

JURY INSTRUCTION NO. 12.

## Duty of Jury

It is your duty to find from the evidence what the facts are.  You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.[12]

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.02 (2022) (modified).

---

[12] Defendant proposes the underlined language, but the Government objects because an implicit bias instruction is unnecessary in this case.

JURY INSTRUCTION NO. 13.

**Evidence; Direct and Circumstantial**

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, [the facts that have been stipulated—this is, formally agreed to by the parties,] [the facts that have been judicially noticed—this is, facts which I say you may, but are not required to, accept as true, even without evidence].

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1.      Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.      Anything you saw or heard about this case outside the courtroom is not evidence.

31

[Furthermore, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.]

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms.  The law makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.[13]

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit §§ 3.03, 4.17, 1.03 (2022) (modified).

---

[13] The Government requests inclusion of the underlined language, which is permitted under the model instruction's notes on use.

JURY INSTRUCTION NO. 14.

**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider each witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

[You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.]

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.04 (2022) (modified).

<u>JURY INSTRUCTION NO. 15.</u>

<u>The testimony of a drug or alcohol abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs and alcohol.</u>

<u>The jury must determine whether the testimony of the drug or alcohol abuser has been affected by drug or alcohol use.[14]</u>

<u>O'Malley, Grenig, et al., Federal Jury Practice and Instruction § 15.04 (5th ed. 2000).</u>

---

[14] The Government objects to the inclusion of this instruction because the model instruction as to the credibility of witnesses is sufficient to encompass the sentiment addressed here.  Additionally, this instruction invites a mini-trial as to whether a witness qualifies as "an alcohol or drug abuser."  Furthermore, the Eighth Circuit has held that the relevant consideration is whether the witness used drugs or alcohol at the time of the offense.  *See United States v. Johnson*, 848 F.2d 904, 905–06 (8th Cir. 1988).  Here, however, the Government's evidence will show that Defendant supplied the minor victims with alcohol to facilitate his commission of the offense.  Defendant should not be able to then weaponize his behavior to claim his victims are less credible based upon his own illegal acts.

<u>JURY INSTRUCTION NO. 16.[15]</u>

<u>There is no burden upon the defendant to prove that he is innocent. Instead, the burden of proof remains on the government prosecution throughout the trial. The fact that Defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdicts.</u>

<u>Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 4.01 (2022).</u>

---

[15] The Government does not object to the content of this instruction, but requests that it be given above as part of Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.05 (2022).

JURY INSTRUCTION NO. 17.

**Witness Who has Pleaded Guilty; Testimony Under Plea Bargain; Credibility—Cooperating Witness**

You have heard evidence that witness Gisela Castro Medina pleaded guilty to crimes that arose out of the same events for which the defendant is on trial here.  <u>You may consider that guilty plea to be the witness's acknowledgment of her participation in the offense.</u>[16]  The witness's guilty plea cannot be considered by you as any evidence of this defendant's guilt. The witness's guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness's testimony.

You have also heard evidence that Gisela Castro Medina has made a plea agreement with the government and that she hopes to receive a reduced sentence on criminal charges pending against her in return for her cooperation with the government in this case.  Gisela Castro Medina entered into a plea agreement with the government which provides that, in return for her guilty plea and testimony in this trial, the government will dismiss certain charges and <u>may recommend a less severe sentence.</u>[17]

---

[16]  As noted above, the Government requests this language as an accurate statement of the law as set forth in *United States v. Roth*, 736 F.2d 1222, 1226 (8th Cir. 1984).

[17]  Defendant recommends that this language instead read:  "recommend a less severe sentence which could be less than the mandatory minimum sentence for the crimes with which she was charged.  If such a motion for reduction of sentence for substantial assistance is filed by the government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it."  The Government objects to Defendant's proposed language because it is an inaccurate

You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by her hope of receiving a reduced sentence is for you to decide.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit §§ 2.19, 4.04, 4.05B (2022) (modified); *United States v. Roth*, 736 F.2d 1222, 1226 (8th Cir. 1984).

---

representation of the aforementioned plea agreement and the role of the Court to impose sentence.

JURY INSTRUCTION NO. 18.

**Expert Opinion Testimony**

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 4.10 (2022).

JURY INSTRUCTION NO. 19.[18]

**Witness Impeachment**

***(If Applicable)***

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 15.06 (6th ed.)

---

[18] The Government offers this language in the event such an instruction becomes necessary.  Defendant's draft instructions did not include this instruction.

JURY INSTRUCTION NO. 20.

**Influencing Witnesses**

Attempts by the defendant to influence witnesses in connection with the crimes charged in this case, if proven, may be considered by the jury as showing a consciousness of guilt on the part of the defendant.  You may consider whether this evidence shows a consciousness of guilt and determine the significance to be attached to any such conduct.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 4.09 (2022) (modified); O'Malley, Grenig & Lee, 1A Federal Jury Practice and Instructions § 14.07 (6th ed. 2008) (modified); *United States v. Stennis*, No. 20-cr-19 (PJS/BRT) (D. Minn. Oct. 7, 2021), ECF No. 153 at 4.

JURY INSTRUCTION NO. 21.[19]

**Demonstrative Summaries**

**_(If Applicable)_**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records, or other underlying evidence.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 4.11 (2022).

---

[19] The Government offers this language in the event such an instruction becomes necessary. Defendant's draft instructions did not include this instruction.

JURY INSTRUCTION NO. 22.

## Rule 1006 Summary Charts

### *(If Applicable)*

You will remember that certain [summaries] [charts] were admitted in evidence. You may use those [summaries] [charts] as evidence, even though the underlying documents and records are not here. [However, the [accuracy] [authenticity] of those [summaries] [charts] has been challenged. It is for you to decide how much weight, if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way in which they were prepared.]

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 4.12 (2022).

<u>JURY INSTRUCTION NO. 23.</u>[20]

**<u>Description of Charge; Indictment Not Evidence; Presumption of Innocence; Burden of Proof</u>**

*<u>Government's Proposed Instruction:</u>*

The indictment in this case charges the defendant with three different crimes. Count 1, charges that the defendant conspired to commit the crime of sex trafficking of a minor.  Counts 2–6 charge that the defendant committed the crime of sex trafficking of a minor or attempted to do so.  Count 7 charges that the defendant committed the crime of obstructing a sex trafficking investigation.  The defendant has pleaded not guilty to each of those charges.

The indictment is simply the document that formally charges the defendant with the crime for which he is on trial.  The indictment is not evidence.  At the beginning of the trial, I instructed you that you must presume the defendant to be innocent.  Thus, the defendant began the trial with a "clean slate," with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of a crime charged.

---

[20] The Government requests that the Court give the model Eighth Circuit instruction on these issues.  Defendant objects and prefers the O'Malley instruction, which follows the Government's proposed instruction.

Keep in mind that each count charges a separate crime. You must consider each count separately and return a separate verdict for each count.

There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the government throughout the trial. [The fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdicts.]

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.06 (2022) (modified).

---

*Defendant's Proposed Instruction:*

The law presumes a defendant to be innocent of crime. Thus, the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate" — with no evidence against him. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone therefore is sufficient to acquit the defendant.

The burden is always on the government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant, for the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing

45

any evidence. A defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based on reason and common sense - the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act on it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offenses charged in the indictment, you must find the defendant not guilty of the offenses. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 12.10 (6th ed.).

## JURY INSTRUCTION NO. 24.[21]

### **Reasonable Doubt**

*Government's Proposed Instruction:*

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation.  A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence.  Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.11 (2022).

---

*Defendant's Proposed Instruction:*

You are here to determine whether the government has proven the guilt of the defendant for the charges in the indictment beyond a reasonable doubt. You are not called on to return a verdict as to the guilt or innocence of any other person or persons.

---

[21] The Government requests that the Court give the model Eighth Circuit instruction on these issues.  Defendant objects and prefers the O'Malley instruction, which follows the Government's proposed instruction.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the defendant for the crimes charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty. But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the defendant not guilty.

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 12.11 (6th ed.).

JURY INSTRUCTION NO. 25.[22]

The defendant is not on trial for any act or conduct not specifically charged in the indictment.

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 12.09 (6th ed.).

---

[22] Defendant requests this instruction.  The Government objects because this instruction is included in Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.01 (2022), an instruction proposed by both parties.

JURY INSTRUCTION NO. 26.[23]

**Dates of Crimes Charged**

The indictment charges that the offenses alleged in each count were committed "in or about" or "on or about" a certain date.  Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

---

O'Malley, Grenig & Lee, 1A Federal Jury Practice and Instructions § 13.05 (6th ed. 2008).

---

[23] The Government requests this instruction, but it was not included in Defendant's proposed instructions.

JURY INSTRUCTION NO. 27.

**Elements of Offense—Count 1: Conspiracy to Commit Sex Trafficking of a Minor**

It is a crime for two or more people to agree to commit a crime.  The crime of conspiracy to commit sex trafficking of a minor, as charged in Count 1 of the Indictment, has three elements:

*One*, that in or between May 2020 and December 2020, two or more people reached an agreement to commit the crime of sex trafficking of a minor;

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined the agreement, he knew the purpose of the agreement.

Instruction numbers [28] and [29] further explain these elements.

If all of these elements have been proved beyond a reasonable doubt as to the defendant; then you must find the defendant guilty of the crime charged in Count 1; otherwise, you must find the defendant not guilty of this crime.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit §§ 5.06A-1 (2022) (modified according to the committee comments for model instruction § 6.18.1591 stating that "if the offense charged is conspiracy to commit sex trafficking," the conspiracy jury instruction "should be modified to omit the overt act requirement").

JURY INSTRUCTION NO. 28.

**Conspiracy Elements Explained**

The elements of Count 1, conspiracy to commit sex trafficking of a minor, are further explained below.

**Element One:**  Element One requires that two or more people reached an agreement to commit the crime of sex trafficking of a minor.

The indictment charges a conspiracy to commit sex trafficking of a minor.  For you to find that the government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose.

The agreement between two or more people to commit the crime of sex trafficking of a minor does not need to be a formal agreement or be in writing.  A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime of sex trafficking of a minor was actually committed or whether the alleged participants in the agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time.  The members of an agreement do not all have to join it at the same time.  You may find that someone joined

the agreement even if you find that person did not know all of the details of the agreement.[24]

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant on Count 1.[25]

**Element Two:**   Element Two requires that the defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit the crime of sex trafficking of a minor, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime of sex trafficking of a minor, you could consider the acts and statements of each person alleged to be part of the agreement.  Now, in deciding whether the defendant joined the agreement, you may consider only the acts and statements of the defendant.

---

[24] The Government requests the language in this paragraph and the preceding one, both of which are included in the model instruction.  Defendant did not include this language in his proposed instructions.

[25] Defendant requests the underlined sentence, but the Government objects as that sentence does not appear in the model instruction.

A person joins an agreement to commit sex trafficking of a minor by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime of sex trafficking of a minor.  It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

To help you decide whether the defendant agreed to commit the crime of sex trafficking of a minor, you should consider the elements of that crime, which are set forth in Instructions [30–33].

You may consider these elements in determining whether the defendant agreed to commit the crime of sex trafficking of a minor, keeping in mind that this count of the indictment only charges a conspiracy to commit that offense, and does not charge that sex trafficking of any minor was actually committed.[26]

Evidence that a person was present at the scene of an event, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy.  A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member.  A person's mere knowledge of the existence of a conspiracy, or mere

---

[26] The Government requests the language in this paragraph and the preceding one, both of which are included in the model instruction.  Defendant did not include this language in his proposed instructions.

knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

**Element Three:**  Element Three requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident.  It is seldom, if ever, possible to determine directly what was in the defendant's mind.  Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else—from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of sex trafficking of a minor simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  The defendant must have known of the existence and purpose of the agreement.  Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 5.06A-2 (2022) (modified).

JURY INSTRUCTION NO. 29.[27]

**Conspiracy:  Co-Conspirator Acts and Statements**

If you determined that an agreement existed as charged in Count 1 and the defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it may be considered by you as evidence pertaining to the defendant, even if the acts and statements were done or made in the absence of and without the knowledge of the defendant because a person who knowingly, voluntarily and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators.

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 5.06D (2022) (modified).

---

[27] The Government requests this instruction to address the statements of Gisela Castro Medina.  Defendant did not include this instruction in his proposed instructions.

JURY INSTRUCTION NO. 30.

**Elements—Sex Trafficking of a Minor; Attempt; Burden of Proof**

Title 18, United States Code, Section 1591, prohibits anyone knowingly, in or affecting interstate or foreign commerce, recruiting, enticing, harboring, transporting, providing, obtaining, <u>advertising</u>,[28] maintaining, patronizing, or soliciting a person, knowing, or in reckless disregard of the fact, that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.

The crime of sex trafficking of a minor, as charged in Counts 2–6 of the Indictment, has three elements:

*One*, the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, <u>advertised</u>,[29] maintained, patronized, or solicited <u>by any means</u>[30] <u>Minor A (Count 2), Minor B (Count 3), Minor C (Count 4), Minor D (Count 5), or Minor E (Count 6)</u>[31];

---

[28] The Government did not charge Defendant with advertising, which requires a different mens rea. The Government therefore objects to its inclusion here, and in other places the Defendant suggested that it be added.

[29] *See supra.*

[30] Defendant excluded this phrase from his proposed instruction, but the Government requests that it be given because it is included in the model instruction. *See also United States v. Stennis*, No. 20-cr-19 (PJS/BRT) (D. Minn. Oct. 7, 2021), ECF No. 153 at 7.

[31] Rather than listing the minor victims' first names here and in element two, Defendant proposes using the phrase "the minor identified in the count of the indictment at issue." The Government believes listing the minor victims' names would cause less confusion. To protect the minor victims' identity, the Government proposes

*Two*, the defendant knew or recklessly disregarded the fact that <u>Minor A (Count 2), Minor B (Count 3), Minor C (Count 4), Minor D (Count 5), or Minor E (Count 6) was under 18 years of age</u>[32] and would be caused to engage in a commercial sex act; and

*Three*, the offense was in or affected interstate or foreign commerce.

<u>The defendant is also charged in Counts 2–6 with attempting to commit sex trafficking of a minor.  The defendant is guilty of attempting these crimes if he both (1) intended to commit the crime against the minor identified in each count, and (2) voluntarily and intentionally carried out some act that was a substantial step toward the crime.</u>

<u>In the instruction for attempt, a "substantial step" must be something more than mere preparation, yet it may be less than the last act necessary before the actual commission of the substantive crime. In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing</u>

---

that the publicly filed version of the instructions list the minor victims' assigned letter (Minor Victims A–E).

[32] Rather than using the language of the model instruction, Defendant proposes that the instruction should read that the defendant knew or "was in reckless disregard of the fact that the minor named in the count of the indictment had not, at the time alleged in the indictment, attained the age of 18."  The Government believes the language of the model instruction is clearer.

it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute.[33]

If the government has proved beyond a reasonable doubt all three of the elements of the crimes charged in Counts 2–6, or that the defendant attempted to commit those crimes, then you must find the defendant guilty on Counts 2–6.  All of you must agree that the government has proved all three elements of the crime charged in each count, or all of you must agree that the government has proved attempt as to that count.  Otherwise, you must find the defendant not guilty of that count.[34]

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit §§ 6.18.1591, 8.01 (2022) (modified); 18 U.S.C. §§ 1591(a)(1), 1591(b)(2), 1591(c), 1594(a), 1594(c); *United States v. Stennis*, No. 20-cr-19 (PJS/BRT) (D. Minn. Oct. 7, 2021), ECF No. 153 at 7–8;

---

[33] The Defendant suggests that the instruction for attempt be limited to the now-dismissed Count 7, but the Government pleaded attempt in the alternative as to all minor victims.  Defendant also suggests that this instruction be given separately, but the model instruction's notes on use direct the Court to give the instruction with the elements where both the completed and attempted crime have been charged.

[34] The Government believes that the underlined paragraph accurately states the burden of proof when attempt is charged in the alternative.

JURY INSTRUCTION NO. 31.

**Sex Trafficking of a Minor—Definitions**

I will now give some further instruction on the meanings of terms in the elements for Counts 1–6.  Unless I define a term in this or another instruction, you should give the ordinary meaning to the terms in the elements of a crime.[35]

To find the defendant guilty of sex trafficking of a minor, you do not need to unanimously agree on which particular means the defendant used to commit the offense that is, "recruited," "enticed," "harbored," "transported," "provided," "obtained," "maintained," "patronized," or "solicited."  It is enough that each juror concludes that at least one of the identified means was used during the time periods charged in Counts 1–6.[36]

The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

A person "recklessly disregards" a fact within the meaning of this offense when he is aware of, but consciously, deliberately or carelessly ignores facts and circumstances

---

[35] Defendant includes these definitions in a single instruction with the elements. The Government believes a separate instruction is appropriate and conforms with the instruction the Court provided in *United States v. Stennis*, No. 20-cr-19 (PJS/BRT) (D. Minn. Oct. 7, 2021), ECF No. 153 at 7.

[36] The Government requests that the Court provide this explanation, which is an accurate statement of the law under *United States v. Paul*, 885 F.3d 1099, 1104–05 (8th Cir. 2018).  *See also United States v. Stennis*, No. 20-cr-19 (PJS/BRT) (D. Minn. Oct. 7, 2021), ECF No. 153 at 8–9.

<u>that would reveal that a person has not attained the age of 18 years and will be caused to engage in a commercial sex act.</u>[37]

The government is not required to prove that the defendant knew or recklessly disregarded the fact that Minor A (Count 2), Minor B (Count 3), Minor C (Count 4), Minor D (Count 5), or Minor E (Count 6) were under 18 years of age if the defendant had a reasonable opportunity to observe the person.

The phrase "interstate commerce" means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia."  The phrase "foreign commerce" means commerce between any state, territory, or possession of the United States, including the District of Columbia, and a foreign country.  The term "commerce" includes, among other things, travel, trade, transportation, and communication.

In determining whether the defendant's conduct was "in or affecting interstate or foreign commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether the defendant's conduct substantially affected interstate commerce by virtue of the fact that the defendant purchased items that had moved in

---

[37] Defendant did not include this language in his proposed instruction, but it is in the model instruction and the Government requests that it be given to the jury. *United States v. Stennis*, No. 20-cr-19 (PJS/BRT) (D. Minn. Oct. 7, 2021), ECF No. 153 at 8.

interstate commerce.  <u>The use of phones and internet-based messaging applications is in or affecting interstate commerce.</u>[38]

In the instruction for attempt, a "substantial step" must be something more than mere preparation, yet it may be less than the last act necessary before the actual commission of the substantive crime. In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit §§ 6.18.1591 & nn.3, 4, 9; 8.01 (2022) (modified); *Smith v. United States*, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning."); *United States v. Koech*, 992 F.3d 686, 692, 693 (8th Cir. 2021) (holding that "the use of phones, text messages, and internet advertising is evidence of the requisite effect on interstate commerce in a § 1591(a) prosecution"); *United States v. Paul*, 885 F.3d 1099, 1104–05 (8th Cir. 2018) (noting that § 1591(a) enumerates "alternative ways of committing a single offense" and finding that "[t]he jury did not need to

---

[38] The Government requests the addition of this language, which reflects the Eighth Circuit's holding in *United States v. Koech*, 992 F.3d 686, 692, 693 (8th Cir. 2021).

unanimously agree on which of those means [the defendant] used, so long as each juror found he used at least one"); *United States v. Stennis*, No. 20-cr-19 (PJS/BRT) (D. Minn. Oct. 7, 2021), ECF No. 153 at 8–9.

<u>JURY INSTRUCTION NO. 32.[39]</u>

**<u>Consent is Not a Defense to Sex Trafficking of Minors</u>**

<u>With regard to the charges of sex trafficking of minors (Counts 2–6), it is irrelevant if the minors consented to or otherwise voluntarily participated in the sex acts, as the consent or voluntary participation of minors is not a defense to the charge of sex trafficking of minors.</u>

---

*See United States v. Taylor*, 44 F.4th 779, 790 (8th Cir. 2022) ("A determination on whether a defendant's conduct violates 18 U.S.C. § 1591 does not turn on whether the commercial sex was consensual or nonconsensual."); *United States v. Campbell*, 6 F.4th 764, 772 (8th Cir. 2014) (quoting *United States v. Elbert*, 561 F.3d 771, 777 (8th Cir. 2009) (finding that minor victims cannot legally consent to perform sex acts under § 1591)); *see also United States v. Brooks*, 610 F.3d 1186, 1199 (9th Cir. 2010) ("The victim's willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or child molestation.").

---

[39] The Government requests this instruction as an accurate statement of the law.

JURY INSTRUCTION NO. 33.

**Elements—Obstruction of a Sex Trafficking Investigation**

The crime of obstruction of a sex trafficking investigation, as charged in Count 7 of the Indictment, has three elements:

*One*, the defendant was being investigated or prosecuted for sex trafficking of a minor;

*Two*, the defendant knew of that investigation or prosecution, <u>or had reason to believe of its existence</u>[40]; and

*Three*, the defendant voluntarily and intentionally acted in some way to obstruct, attempt to obstruct, interfere with, or prevent that investigation or prosecution.

If the government has proved all three elements beyond a reasonable doubt, then you must find the defendant guilty of Count 7. Otherwise, you must find the defendant not guilty of Count 7.

<u>To prove the defendant guilty of the crimes charged in Count 7, the government need not prove that the defendant knew of the federal statute outlawing sex trafficking of a minor as set forth in 18 U.S.C. § 1591(a), nor that the defendant was aware of the</u>

---

[40] The Government believes this language encompasses the Court's note in *United States v. Stennis*, No. 20-cr-19 (PJS/BRT), 2022 WL 2312214, at *6 n.9 (D. Minn. June 27, 2022), that "a defendant's belief in the existence of an investigation might be sufficient" to prove a violation of 18 U.S.C. § 1591(d).

federal nature of the investigation or prosecution.  Nor must the government prove that the defendant is guilty of Counts 1–6.[41]

---

18 U.S.C. § 1591(d); *United States v. Stennis*, No. 20-cr-19 (PJS/BRT), 2022 WL 2312214, at *6 n.9 (D. Minn. June 27, 2022) (noting that "a defendant's belief in the existence of an investigation might be sufficient" to prove a violation of 18 U.S.C. § 1591(d)); *United States v. Stennis*, No. 20-cr-19 (PJS/BRT) (D. Minn. Oct. 7, 2021), ECF No. 153 at 11.

---

[41] The Government requests this language, which the Court provided to the jury in *United States v. Stennis*, No. 20-cr-19 (PJS/BRT) (D. Minn. Oct. 7, 2021), ECF No. 153 at 11.

JURY INSTRUCTION NO. 34.[42]

**Aiding and Abetting Liability**

The defendant may also be found guilty of sex trafficking of a minor (as charged in Counts 2–6) and obstruction of a sex trafficking investigation (as charged in Count 7), even if he personally did not do every act constituting the charged offenses if he aided and abetted the commission of sex trafficking of a minor and obstruction of a sex trafficking investigation.

In order to have aided and abetted the commission of sex trafficking of a minor, as charged in Counts 2–6, the defendant must:

(1) have known sex trafficking of a minor was being committed or going to be committed;

(2) have had enough advance knowledge of the extent and character of the sex trafficking that he was able to make the relevant choice to walk away before all elements of the offense were complete;

(3) have knowingly acted in some way for the purpose of causing, encouraging, or aiding the sex trafficking of Minor A (Count 2), Minor B (Count 3), Minor C (Count 4), Minor D (Count 5), or Minor E (Count 6); and

---

[42] Defendant does not suggest an aiding and abetting instruction, but the Government pleaded 18 U.S.C. § 2, and requests an instruction as to that theory of liability.

(4) have known or recklessly disregarded the fact that Minor A (Count 2), Minor B (Count 3), Minor C (Count 4), Minor D (Count 5), or Minor E (Count 6) was under 18 years of age and would be caused to engage in a commercial sex act.

For you to find the defendant guilty of sex trafficking of a minor, as charged in Counts 2–6, by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the elements of the offense of sex trafficking of a minor were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

In order to have aided and abetted the commission of obstruction of a sex trafficking investigation, as charged in Count 7, the defendant must:

(1) have known obstruction of a sex trafficking investigation was being committed or going to be committed;

(2) have had enough advance knowledge of the extent and character of the obstruction that he was able to make the relevant choice to walk away before all elements of obstruction of a sex trafficking investigation were complete;

(3) have knowingly acted in some way for the purpose of causing, encouraging, or aiding the obstruction of the sex trafficking investigation; and

(4) have known or believed that there was a pending sex trafficking investigation or prosecution.

For you to find the defendant guilty of obstruction of a sex-trafficking investigation, by reason of aiding and abetting, the government must prove beyond a

68

reasonable doubt that all of the elements of obstruction of a sex-trafficking investigation, as charged in Count 7, were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

[You may infer the defendant had the requisite advance knowledge of the (insert contested element of the principal offense, e.g., knowing possession of a firearm in furtherance of a crime) if you find the defendant failed to object or withdraw from actively participating in the commission of (insert principal offense) after the defendant observed another participant complete (insert contested element of the principal offense).]

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 5.01 (2021) (modified); 18 U.S.C. §§ 2, 1591(a)(1), 1591(b)(2), 1591(c); *United States Zackery*, 494 F.3d 644, 648 (8th Cir. 2007) (noting that a person may be convicted on a theory of aiding and abetting even where the indictment does not charge that theory); *United States v. Stennis*, No. 20-cr-19 (PJS/BRT), 2022 WL 2312214, at *6 n.9 (D. Minn. June 27, 2022); *United States v. Alaboudi*, No. 12-cr-40017 (KES) (D.S.D. Dec. 5, 2013), ECF No. 364 at 7–8 (applying a similar Eighth Circuit model instruction to charges brought under 18 U.S.C. § 1591(a)(2)).

JURY INSTRUCTION NO. 35.[43]

**Proof of Knowledge or Intent**

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant in connection with the charged offenses, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 7.05 & n.1 (2022) (modified).

---

[43] The Government requests this model instruction, but it was not included in Defendant's proposed instructions.

## JURY INSTRUCTION NO. 36.[44]

## THEORY OF DEFENSE

The Defendant reserves the right to submit a theory of defense instruction at the close of evidence.

---

[44] The Government requests the reciprocal right to object to Defendant's theory of defense instruction. The parties reserve the right to review and to object to any instruction before the case is submitted to the jury.

JURY INSTRUCTION NO. 37.

**Election of Foreperson; Duty to Deliberate; Punishment Not a Factor;
Communications with Court; Verdict Form**

In conducting your deliberations and returning your verdicts, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdicts must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict whether guilty or not guilty must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case.  [The form reads: (read form)].  You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or court security officer that you are ready to return to the courtroom.

[If more than one form was furnished, you will bring the unused forms in with you.]

---

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.12 (2022).