UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-173-01 (PJS/DTS)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANTON JOSEPH LAZZARO,
a/k/a Tony Lazzaro,
a/k/a Tony,

      Defendant.

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING CONSENT AND STATE LAW**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Emily Polachek, Laura Provinzino, and Melinda Williams, Assistant United States Attorneys, hereby submits its motion in limine to preclude evidence and argument regarding consent, age of consent, and Minnesota state law. Such evidence and argument should be prohibited as it would be contrary to law and would serve only to invite jury nullification.

## BACKGROUND

Throughout the motions practice in this federal case, Defendant has defended his conduct by citing to irrelevant Minnesota state law, contending that his sexual encounters with the victims in this case were legal and consensual because the victims

were 16 years old.[1]  *See* ECF No. 236 at 18.  The Government seeks an order prohibiting Defendant and his counsel from making such claims at trial as they are irrelevant; Fed. R. Evid. 401; risk confusing or misleading the jury; Fed. R. Evid. 403; and serve only to invite jury nullification.  *See United States v. Anderson*, 563 F. Supp. 3d 691, 698 (E.D. Mich. 2021) (granting the Government's motion in limine to exclude reference to Michigan's age of consent laws).

The Government anticipates that this issue may arise at two points during trial.  First, several of the victims have reported that, after telling Defendant that they were 16 years old, he responded by telling them that the "age of consent" in Minnesota is 16 years old.  The Government will not elicit these statements of Defendant from the victims, and seeks an order prohibiting Defendant from doing the same.[2]

Second, Defendant may elect to testify on his own behalf.  If he chooses to do so, the Government requests that the Court prohibit Defendant from referencing

---

[1] Defendant has persisted in this argument even though Minor Victim C was 15 years old when Defendant trafficked her and had sex with her.

[2] In addition to the reasons cited in this motion, defense counsel cannot elicit self-serving hearsay from a witness.  While a defendant's own out-of-court statements are admissible against him as an admission by a party-opponent, Fed. R. Evid. 801(d)(2)(A), he may not offer his own self-serving, exculpatory hearsay statements.  *See United States v. Waters*, 194 F.3d 926, 930-31 (8th Cir. 1999); *see also United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) ("[I]f such statements were deemed admissible under Rule 801(d)(2), parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury.").

inapplicable state law or alleging that the minor victims consented to engaging in commercial sex acts.

## ARGUMENT

**A.  Consent is not a defense to the crime of sex trafficking of a minor.**

The Court should preclude any references to consent and the "age of consent" because consent is not an element of the offense of sex trafficking of a minor, nor is it a valid defense to the charged offenses.  *See United States v. Taylor*, 44 F.4th 779, 790 (8th Cir. 2022) ("A determination on whether a defendant's conduct violates 18 U.S.C. § 1591 does not turn on whether the commercial sex was consensual or nonconsensual."); *United States v. Campbell*, 6 F.4th 764, 772 (8th Cir. 2014) (quoting *United States v. Elbert*, 561 F.3d 771, 777 (8th Cir. 2009) (finding that minor victims cannot legally consent to perform sex acts under § 1591)); *see also United States v. Brooks*, 610 F.3d 1186, 1199 (9th Cir. 2010) ("The victim's willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or child molestation.").  As such, there is no basis for Defendant to either elicit testimony from the victims as to their willingness to engage in sexual activities or reference any "age of consent."  Accordingly, the Government seeks an order precluding the parties from referencing or arguing that any of the minor victims "consented" to performing sex acts with or for Defendant, whether factually or legally.  As discussed above, such evidence is not relevant and is

thus inadmissible pursuant to Federal Rules of Evidence 401 and 402, and nevertheless fails the balancing test of Rule 403.

**B.     State law is complex, irrelevant, and any discussion thereof would confuse the issues.**

Defendant has repeatedly invoked Minnesota state law to provide justification for his acts, ignoring the commercial nature of his conduct and the role of a third party, and instead claiming he engaged in lawful, consensual sex. *See, e.g.*, ECF No. 132 at 4; ECF No. 192 at 20; ECF No. 236 at 18.  Any references to this argument should be excluded from trial for two reasons:  (1) claiming that Minnesota's "age of consent" for engaging in sexual activities is 16 years is an oversimplification of the constellation of state statutes regulating sex with minors; and (2) regardless of what state law(s) may apply to Defendant's conduct, it is federal law that is relevant in this case.

First, over the course of this prosecution, Defendant has repeatedly misstated or oversimplified Minnesota law relating to the age of consent for sexual activity while simultaneously overlooking the fact that he engaged in sexual acts with at least one fifteen-year-old girl, directed co-defendant Castro Medina to recruit minors for sex, paid minors for sex, plied minors with alcohol and drugs prior to having sex with them, and had sex with intoxicated minors.[3]  These inaccurate assertions are likely in part due

---

[3] *See, e.g.*, ECF No. 132 at 4 ("Under Minnesota law, Mr. Lazzaro could lawfully engage in sexual relations with any person 16 or older."); ECF No. 133 at 4 n.4 ("Put succinctly, the age of consent in Minnesota is 16."); ECF No. 186 at 8 (claiming that "the majority of states have decided that a person 16 and over can legally consent to a sex act"); ECF No. 192 at 20 (claiming Defendant is being prosecuted for "exercising

4

to the broad range of state statutes regulating sexual contact with minors in various contexts. Closer examination of these statutes and Defendant's conduct calls into question Defendant's repeated claim that his conduct would be lawful absent the enactment of the Trafficking Victims Protection Act (TVPA).[4] Attempting to thread the needle of accurately representing these unrelated state laws to the jury in this federal case is likely to confuse the issues.

Second—and more importantly—Minnesota state law, including the state's "age of consent," is wholly irrelevant in this prosecution. Defendant is charged with the sex trafficking of minors under 18 U.S.C. §§ 1591 and 1594. The Supremacy Clause provides that "the [United States] Constitution, federal statutes, and treaties constitute 'the supreme Law of the Land.'" *Kansas v. Garcia*, 140 S. Ct. 791, 801 (2020) (citing U.S. Const. art. VI, cl. 2). The applicable law in this case is not Minnesota state law but federal law as set forth in § 1591(a), which prohibits commercial sex acts with individuals under the age 18 who have been trafficked.

---

legal behavior that occurs everyday in the District of Minnesota"); ECF No. 200-1 at 4 (stating that a "16–17-year-old . . . can legally consent to sex"); ECF No. 236 at 18 (opining that Defendant is being prosecuted "for otherwise lawful conduct").

[4] *See, e.g.*, Minn. Stat. § 609.322 (prohibiting the solicitation and sex trafficking of individuals of any age); Minn. Stat. § 609.324 (prohibiting the patronizing of a person under the age of 18 years to engage in sexual penetration or sexual contact); Minn. Stat. §§ 609.342–609.3451 (prohibiting sexual contact with individuals under the age of 18 years in several circumstances); Minn. Stat. § 609.352 (prohibiting the electronic solicitation of individuals under age 16, or whom the defendant reasonably believes to be under the age of 16, for sexual purposes).

The Eighth Circuit has repeatedly rejected references to state law in prosecutions for federal child exploitation crimes. For example, in *United States v. Bach*, the defendant challenged his conviction for producing and trafficking child pornography, claiming that "the photos portray[ed] noncriminal consensual sexual conduct because [the victim] was sixteen," which, the defendant argued, was the age of consent under Minnesota law and the Mann Act, 18 U.S.C. § 2243. 400 F.3d 622, 628 (8th Cir. 2005). The Eighth Circuit disagreed, adopting the Government's argument that "the relevant definition of a minor for [the charged] offenses is found in 18 U.S.C. § 2256, which defines a minor as any person under the age of eighteen years." *Id.* at 628–29; *see also United States v. Mays*, 993 F.3d 607, 620 (8th Cir. 2021) (rejecting a similar argument from a defendant who claimed he engaged in "consensual, legal sex with a seventeen-year-old"); *United States v. Stringer*, 739, F3d 391, 396 (8th Cir. 2014) (precluding evidence of a minor victim's emancipation on the grounds that it could "confuse the jury and lend itself perhaps to a jury nullification issue).

In this case, too, the only relevant age for the jury to consider with respect to the victims is the one enumerated in 18 U.S.C. § 1591(a): whether the victims "ha[d] not attained the age of 18 years."

### C. Evidence and Arguments About Consent and State Law Would Invite Jury Nullification.

Given that the issue of consent and Minnesota's "age of consent" laws are immaterial to the charged offenses, admitting evidence or making arguments on these

6

issues would serve no purpose other than to invite jury nullification.  The Court "is not required to put the case to the jury on a basis that essentially indulges and even encourages speculations."  *United States v. Scout*, 112 F.3d 955, 961 (8th Cir. 1997) (cleaned up).  To ensure that the jury performs its duty to apply the law as provided by the Court, references to consent and state laws should be prohibited.

Defendant has further cited to Minnesota's "age of consent" in challenging the constitutionality of the charged statutes.  *See* ECF No. 186 at 8–9 (claiming that the TVPA "does not provide a 'clear statement' that Congress is creating a national age of consent of 18 years of age and, in so doing, inadvertently criminalized otherwise legal sexual activity"); ECF No. 200-1 at 4 ("Congress' intent with the TVPA was not to enact a 'National Age of Consent' or it would have surely expressly done so.").  Alleging a discrepancy between state and federal laws would serve only "[t]o encourage individuals to make their own determinations as to which law they will obey and which they will permit themselves as a matter of conscience to disobey."  *United States v. Wiley*, 503 F.2d 106, 107 (8th Cir. 1974) (noting that "[n]o legal system could long survive if it gave every individual the option of disregarding with impunity any law which by his personal standard was judged morally untenable"); *see also United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification is not to be positively sanctioned by instructions, but is to be viewed as an aberration under our system.").

In sum, because evidence regarding "consent" and Minnesota's laws setting forth the "age of consent" are irrelevant in this federal prosecution for sex trafficking of

7

minors, and because referencing those topics risks confusing or misleading the jury and inviting jury nullification, the Court should preclude Defendant and his counsel from introducing evidence or making arguments as to consent and state law.

Respectfully submitted,

Dated:  March 6, 2023

ANDREW M. LUGER
United States Attorney

*s/ Emily Polachek*
BY: EMILY A. POLACHEK
Attorney Reg. No.0390973
LAURA M. PROVINZINO
Attorney Reg. No. 0329691
MELINDA A. WILLIAMS
Attorney Reg. No. 491005 (D.C.)
Assistant United States Attorneys