UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-173-01 (PJS/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S MOTION IN LIMINE TO REFER TO SEX TRAFFICKING VICTIMS BY FIRST NAME ONLY DURING TRIAL** |
| ANTON JOSEPH LAZZARO, a/k/a Tony Lazzaro, a/k/a Tony, | |
| Defendant. | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Emily Polachek, Laura Provinzino, and Melinda Williams, Assistant United States Attorneys, hereby submits its motion in limine to refer to the sex-trafficking victims and two other witnesses by first name only during trial.

At trial, the Government anticipates calling the five victims who were minors at the time they were trafficked by Defendant Lazzaro and Gisela Castro Medina. One of those victims remains a minor. The Government will call witnesses who were recruited by Defendant but did not have sex with him. These witnesses—some as young as 14 years old at the time of the events—were given alcohol by Defendant, paid by Defendant, and witnessed Defendant trafficking their friend. Some of these witnesses remain minors. Finally, the Government anticipates calling the sister of one of the

minor victims, who was 18 years old at the time of the events and has the same last name as her sister.

The Government requests that, to the extent possible, the full names of these witnesses be withheld during the trial to protect the victims and witnesses from potential harassment, undue embarrassment, and other adverse consequences that may result from the nature of their anticipated testimony. The testimony provided in this case will be of a particularly sensitive and intimate nature and this case has received substantial media coverage, both local and national. Thus, the Government requests that, to the extent possible, these witnesses be sworn in and referred to throughout trial by their first names only.[1]

Protecting at trial the full names of individuals who, as minors, were victims of sexual exploitation is a routine practice in courts across the country, particularly in cases that have received significant media attention.[2] Such protections are appropriate under

---

[1] The Government will work to redact exhibits that mention last names of these minor victims and retain an unredacted set of exhibits to submit to the jury, mirroring the usual practice in child pornography cases wherein sanitized exhibits are used at trial and the jurors are provided with unsanitized videos and images for deliberation. The Government recognizes that there may be situations during trial where the only way to make sense of information is to refer to someone's full name. For example, all witnesses' full names must be provided to the venire during voir dire. This motion is intended to protect the privacy of sex trafficking victims to the extent possible, while at the same time not confusing matters at trial or denying due process.

[2] *See, e.g.*, *United States v. Campbell*, 770 F.3d 556, 560 n.1 (7th Cir. 2014) (noting that the four victims in a sex trafficking case testified at trial under their real first names); *United States v. Royal*, 442 F. App'x. 794, 795 n.1 (4th Cir. 2011) ("Because the victims were minors at the time of the offense, the record refers to them by first name only.");

the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771(a)(8). The CVRA was designed to protect victims' rights and ensure their dignity and safety throughout their involvement in the criminal justice process. *See United States v. Ortiz*, 636 F.3d 389, 394 (8th Cir. 2011); *United States v. Ruzicka*, 331 F. Supp. 3d 888, 893 (D. Minn. 2018). The CVRA affords victims ten specific rights, including "[t]he right to be treated . . . with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8); *see also United States v. Monzel*, 641 F.3d 528, 533 (D.C. Cir. 2011) (noting that 18 U.S.C. §

---

*United States v. Maxwell*, No. 20-cr-330 (AJN) (S.D.N.Y. Nov. 23, 2021), ECF No. 497 (permitting witnesses to be referred to by their first name only or by pseudonym); *United States v. Wilkins*, No. 19-cr-390 (RC) (D.D.C. May 11, 2021), ECF No. 81 at 9; *United States v. Shankle*, No. 16-cr-7 (LA) (E.D. Wis. Sept. 1, 2017), ECF No. 60 at 9; *United States v. Lewis*, No. 15-cr-196 (WTM), 2017 WL 750456 *5 (S.D. Ga. Feb. 27, 2017) (referring to victims by first name only and ordering redaction of the victims' full names from the transcript when read at voir dire); *United States v. Gardner*, No. 16-cr-20135, 2016 WL 5404207, at *4 (E.D. Mich. Sept. 28, 2016) (collecting cases and "find[ing] the precedent allowing narrow identification protections for victims of sex crimes, who were minors at the time of the alleged crime but were over 18 at the time of testimony, to be persuasive"); *United States v. Thompson*, No. 14-cr-228A, 2016 WL 1584382, at *7 (W.D.N.Y. Apr. 6, 2016) (finding that the government had a compelling interest in limiting identification of the victims given the anticipated explicit and sensitive nature of the evidence in the case); *United States v. Graham*, No. 14-cr-500, 2015 WL 6161292, at *10 (S.D.N.Y. Oct. 20, 2015) (identifying victims by their first names only because there was "a 'legitimate and substantial' interest in protecting the Victim and the uncharged victims from 'likely adverse personal, professional and psychological consequences of publicly linking their identities' to their prior prostitution activity"); *United States v. Kelly*, No. 07-cr-374 , 2008 WL 5068820, at *1–2 (E.D.N.Y. July 10, 2008) (allowing adult witness to testify under her first name and first initial of her last name in a trial for sex trafficking); *United States v. Paris*, No. CR 06-cr-64 (CFD), 2007 WL 3124724, at *1 (D. Conn. Oct. 24, 2007) (allowing child and adult victim-witnesses to be referred to by their first names and first initial of their last names to protect their identities).

3771(b)(1) directs the court to ensure that the crime victim is afforded the rights described in § 3771(a)).

In addition, child victims of alleged crimes of "physical abuse, sexual abuse, or exploitation," are entitled to have their identity protected under the Victims of Child Abuse Act (VCAA), 18 U.S.C. §§ 3509(a)(2)(A) & 3509(d)(3). Under the VCAA, "the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." *Id.* at § 3509(d)(3)(A). These protections extend to adult witnesses who were minors at the time of the offense.[3]

The five minor victims in this case are entitled to the protections that Congress provided in the CVRA and the VCAA. The Court has recognized as much in imposing a protective order over Defendant's objection, ECF No. 63; and taking care to prevent the victims' identifies from being disclosed during pretrial motions hearings, ECF No. 183 at 5–6 ("If any victim name gets mentioned . . . there will be a price to pay.").[4]

---

[3] *See United States v. Begay*, 673 F.3d 1038, 1040 (9th Cir. 2011); *Doe v. Menefee*, 391 F.3d 147, 151 n.4 (2d Cir. 2004); *United States v. Maxwell*, No. 20-cr-330 (AJN) (S.D.N.Y. Nov. 23, 2021); *Gardner*, 2016 WL 5404207, at *6; *Paris*, 2007 WL 3124724, at *1.

[4] While the parties have referred to the minor victims by a letter designation in proceedings up to this point, using the victims' first names at trial will avoid confusion. For example, some of the victims know each other's names, but are unaware of the letter designations used in pleadings. Using these witnesses' first names at trial will protect their identities and limit confusion.

Continuing a limited version of these protections is reasonable, necessary, and appropriate in this case due to the sensitive nature of the victims' testimony, and Defendant's self-described "prominent public profile" (ECF No. 133 at 1), and the media attention that this case is likely to receive.

The victims will be testifying about instances when, as teenagers, they were sexually exploited by Defendant. Providing this testimony will be difficult for these victims. Revealing their full names in a courtroom open to the press and public would only compound the victims' anxiety and fear. The victims and their families expressed to the Court their safety and privacy concerns in their statements in support of Defendant's pretrial detention. ECF No. 29 at 125–35. The victims—girls and now young women—reiterate these concerns to the Court. They are particularly worried that this case will forever define them if their identities are widely known and publicized because of this trial. As this Court knows, such records are now a simple click away on the Internet and will follow the victims in perpetuity.

These proposed protections are minimal and will in no way impede or compromise Defendant's confrontation rights. Refraining from using the full names of victims at trial to the extent possible is a narrowly tailored measure that protects victims' privacy rights from public exposure while preserving Defendant's right to fully prepare his case and cross-examine the witnesses against him. Defendant knows the victims' identities and he will not be prevented from presenting a vigorous defense in the event that these victims are referred to only by their first names during the trial.

For these reasons, the Government respectfully requests that the Court that, to the extent possible, the minor victims and additional witnesses identified above be identified only by their first names and addressed only by their first names throughout the course of these proceedings.

Respectfully submitted,

Dated:  March 6, 2023

ANDREW M. LUGER
United States Attorney

*s/ Emily Polachek*
BY: EMILY A. POLACHEK
Attorney Reg. No.0390973
LAURA M. PROVINZINO
Attorney Reg. No. 0329691
MELINDA A. WILLIAMS
Attorney Reg. No. 491005 (D.C.)
Assistant United States Attorneys