UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | DEFENDANT ANTON JOSEPH LAZZARO'S RESPONSE TO THE GOVERNMENT'S MOTIONS IN LIMINE |
| Plaintiff, | |
| vs. | Crim. No. 21-173 (PJS/DTS) |
| Anton Joseph Lazzaro, | |
| Defendant. | |

I.  Motion to Sequester Witnesses [R. Doc. 298].

Defendant generally supports and joins the motion to sequester witnesses. He would, however, seek one exception for a prospective character witness who is related to Defendant, and could not testify to any of the facts that might be at issue at trial.

II.  Motion to Exclude the Sexual History of the Victims [R. Doc. 300].

This non-controversial motion mostly asks the Court to follow and enforce the rules of evidence. It also seeks to expand the rule by asking the Court to apply it to *all* witnesses in the case – presumably including the Defendant should he choose also to become a witness in the case. The further ambiguous request to "preclude Defendant from describing the minor victims using language that may invite the

jurors' speculation as to the victims' sexual history or sexual predisposition" will require a little more elucidation before Defendant can respond intelligently.

Motion to Preclude Reference to Matters Previously Litigated [R. Doc. 299].

The Government seeks an order prohibiting reference to pretrial "motions or their content" during trial. This seems to be a request to enforce the rules regarding relevance. To that extent, Defendant raises no objection. One request in the motion seeks to go further, asking to forbid any suggestion of "improper motivations of the Government" underlying the prosecution. The subject matter of the pretrial motion concerned only the improper motivations underlying the exercise of *prosecutorial* discretion in this case. The biases and improper motivations of the *witnesses*, however, must be reserved as an appropriate subject matter for both examinations and argument.

III. Motion to Preclude Evidence Regarding Consent and State Law [R. Doc. 301].

The Government motion to limit evidence regarding "consent" conflates two separate issues, and its arguments are unavailing for each. The first is the issue of the age of consent. It refers simply to the age at which consenting partners may engage in lawful sexual contact with each other. It is relevant in this case because the Government throughout the litigation has condemned Mr. Lazzaro for engaging in sexual relations with "children," and seeks to brand him as a pedophile and criminal merely for seeking sexual partners who are "minors." Mr. Lazzaro is

entitled to rebut that extremely prejudicial assertion by showing his good faith effort to conform his conduct to the law by seeking only sexual partners who were old enough to engage in lawful sexual relations. The fact that he erred on one occasion when the partner misrepresented her age is fair game for the Government to use, but it does not deprive him of the right put on a defense. In this case, only one geographical jurisdiction is at issue, and *both* Minnesota *and* federal law set the minimum age for lawful consensual sex at 16.

The second issue, which is not directly related to the first, is whether "consent" is relevant to the question whether someone has been trafficked. The Government misleads the Court by quoting dicta from *United States v. Taylor*, 44 F.4th 779 (8th Cir. 2022), for the proposition that a violation of §1591 "does not turn on whether the commercial sex was consensual or nonconsensual." *Id*. at 790. In that sense, the opinion cites *United States v. Rivera*, 799 F.3d 180, 185 (2d Cir. 2015), for the noncontroversial conclusion that a victim cannot "consent to being threatened or coerced into performing sexual acts they did not wish to perform." Of course not – because the threats and coercion vitiates the consent. Judge Gruender's concurrence in *Taylor* explains at length why "each condition [in the statute] alters the character of a sex act by vitiating the victim's *consent*." *Taylor*, 44 F.4th at 796 (emphasis added). Indeed, the *holding* of *Taylor* rests squarely on a finding that the victim did *not* consent: "By engaging in the advertising techniques that he did,

3

Taylor led the clients to believe they had purchased a right to touch and engage in sex acts with A.L. A.L., on the other hand, was unaware of this understanding and *had not consented* to engage in massages involving sex acts." *Taylor*, at 790 (emphasis added).

The additional citation to *United States v. Elbert*, 561 F.3d 771 (8th Cir. 2009), for the proposition that minors cannot legally consent to sexual conduct is even more misleading. *See United States v. Elbert*, 561 F.3d 771, 777 (8th Cir. 2009) ("the victims were minors and could not legally consent"). *Elbert* arose out of the Western District of Missouri where the age of consent is 17. The oldest victim in that case was 15 "while the two younger sisters were thirteen year-old twins." *Id*. at 774. *Elberts* was correct that the minors in that case could not consent to sexual conduct, but whether a minor can consent to sexual conduct in a different case is a fact issue that is unique to the circumstances of the case.

IV.   Motion to Preclude Mention of Punishment [R. Doc. 302].

The Government seeks to forbid mention of punishment. It is well settled that asking the jury to base its verdict on the Defendant's sentence, if convicted, is not appropriate. Defendant will make no argument based on his potential punishment.

The Government curiously seeks also to preclude any reference to Defendant's custodial status. While this request is generally uncontroversial, it is reserved for the defense – not the prosecution – because the purpose of the rule is to

prevent any prejudice to *Defendant's* due process rights that might arise from inferences to be drawn from his custodial status. As observed by Justice Brennan in *Estelle v. Williams*, 425 U.S. 501, 518 (1976),

> Jurors may speculate that the accused's pretrial incarceration, although often the result of his inability to raise bail, is explained by the fact he poses a danger to the community or has a prior criminal record; a significant danger is thus created of corruption of the factfinding process through mere suspicion.

*See also United States v. Washington*, 462 F.3d 1124, 1137 (9th Cir. 2006) ("As a general rule, prosecutors should not be encouraged to refer to a defendant's custodial status because it may undermine the presumption of innocence.").

In this case, as in all such cases, Defendant requests that the Government be precluded from such references. There may very well be instances during the testimony of the witnesses in this case when reference to the Defendant's custodial status cannot be avoided. Defendant may seek a curative instruction if appropriate, but it is his right to assert, not the Government's.

V.   Motion to Preclude References to Uncharged Individuals [R. Doc. 303].

The Government's motion "to preclude references to uncharged individuals," acknowledges that the Government likely will present evidence explicitly referencing uncharged individuals. Looking further, to the end of the motion, in an attempt to understand what really is at issue, the reader will find the request to exclude "evidence regarding the non-prosecution of other individuals involved in

5

this sex trafficking conspiracy." But, of course, the indictment itself proves that point, and the *Government* is requesting that it be read to the jury. To the extent that the Government is requesting that it be permitted to accuse other people of participating in the same conspiracy as is alleged against Defendant, their participation, their statements, any favors they receive from the Government, and the very existence of the alleged conspiracy itself, are all relevant to this case.

VI.  Motion to Preclude Unnoticed and Improper Defenses [R. Doc. 304].

The defense in this case is that Defendant is not guilty of the crimes charged. If the evidence at trial supports an affirmative or alternative defense, Defendant will seek an appropriate instruction at the close of the evidence.

VII.  Motion to Refer to the Alleged Victims by First Name Only [R. Doc. 305].

The Government request to refer to some of the witnesses by their first names supposedly only seeks the relief to protect the privacy of the witnesses. This can be accomplished equally well – while preserving standard courtroom decorum – by referring to them by their last names only (or perhaps a hybrid such as "D. Smith"). The use of informal first names communicates to the jury a special consideration of some witnesses and implies a special status. This is also a public courtroom, and the privacy interests of the witnesses (the great majority of whom will be adults) must be weighed against the right to an open and public proceeding.

If the Court concludes that the privacy interest of the witnesses justifies the informal use of first names, then the Court should also permit the use of his first name when referring to the Defendant – thereby avoiding the obvious prejudice of an implied special status for some witnesses (based on the discovery provided to date, it is anticipated that the witnesses at issue will refer to the Defendant by his first name anyhow).

Dated: 10 March 2023     Respectfully submitted,

DANIEL L. GERDTS, LAWYER

<u>s/ Daniel L. Gerdts</u>

Daniel L. Gerdts (#207329)
331 Second Avenue South, Suite 705
Minneapolis, MN 55401
612.800.5086