UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ANTON JOSEPH LAZZARO,
   a/k/a Tony Lazzaro,
   a/k/a Tony,

    Defendant.

Case No. 21-cr-173 (PJS/DTS)

**[PROPOSED] PRELIMINARY ORDER OF FORFEITURE**

Based on the United States' Motion for a Preliminary Order of Forfeiture; on the Superseding Indictment, on the evidence admitted at trial, and the jury's verdict of guilty on Counts 1 through 6 of the Superseding Indictment; and on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. § 1594(d); the United States has established the requisite nexus between such property and the offenses to which the Defendant has been found guilty,

IT IS HEREBY ORDERED that:

1. the United States' Motion for a Preliminary Order of Forfeiture (ECF No. 411) is **GRANTED;**

2. The following property is forfeited to the United States pursuant to 18 U.S.C. § 1594(d):

   a. the real property located at 201 11th Street South, #1920, Minneapolis, MN 55402;
   b. a 2010 Ferrari Convertible, VIN ZFF65LJA9A0173846; and
   c. a Blackberry cellphone with 32 GB SD Card with IMEI: 015103000107958;

(collectively, "the Property");

3.	the Attorney General or his authorized designee may seize and maintain custody and control of the Property pending the entry of a Final Order of Forfeiture;

4.	the United States shall, pursuant to 21 U.S.C. § 853(n)(1), publish and give notice of this Order and its intent to dispose of the Property in such manner as the Attorney General may direct;

5.	pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

6.	following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the Property and may warrant good title to any subsequent purchaser or transferee; and

7.	this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated:	_____
		PATRICK J. SCHILTZ, Chief Judge
		United States District Court