UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S RESPONSE TO THE |
| | ) | GOVERNMENT'S POSITION |
| vs. | ) | REGARDING SENTENCING |
| | ) | |
| Anton Joseph Lazzaro, | ) | |
| | ) | Criminal 21-173 (PJS/DTS) |
| Defendant. | ) | |

The Government's sentencing submission relies heavily on tropes, name-calling, and vilification. But Congress has directed the Court rather to consider other specifically identified factors when deciding on a sentence that is "sufficient, but not greater than necessary" to meet the statutory purposes of sentencing, including, among others,

> The nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant; . . . and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a).

A couple of factual and legal errors in the Government's submission warrant

comment. First, The Government suggests that Lazzaro somehow used the dating site "seeking arrangements" to accomplish sex trafficking of a minor. Gov't Sent. Memo. at 25. The record is very clear that the only person of interest to this case whom he met through the site was his coconspirator Castro-Medina. The Government nonetheless erroneously contends that "use of Seeking Arrangement," as well as "WhatsApp communication with co-defendant Castro Medina, and other applications such as Venmo, UberEats, and ride-sharing apps," somehow justify the "use of a computer" guidelines adjustment. *Id*. As noted in Defendant's position pleading, the guidelines commentary make clear that the adjustment only applies to direct communications with a minor-victim, and that the communication must somehow cause the minor to engage in sex trafficking.

The Government also again misrepresents to the Court that a photograph sent to codefendant Castro-Medina is evidence of sex trafficking because it represents an offer to pay minors for sex: "Lazzaro sent Gabbie and Castro Medina a photo of himself posing with cash stating: "I don't fuck around." Gov't Sentencing Memo. at 21. This misrepresentation was also conveyed to the jury, despite the Government's knowledge of the real context of that communication that had nothing to do with sex or dating, or anything relevant to this case. Defendant only recently became aware of that misconduct when he obtained the complete contextual records from ATT. It will be the subject matter of a motion for a new trial based on prosecutorial and juror

misconduct.

The Government makes clear in its submission that the Court should consider Mr. Lazzaro to be "a dangerous man" and a "predator," suggesting the need for its requested sentence to protect the public from further crimes by the Defendant. Gov't Sent. Memo. at 1. Nothing could be farther from the truth. Indeed, knowing that such allegations might be made, Mr. Lazzaro consented to be put through a complete psychosexual evaluation by a respected practitioner who is well known in this district from her work at Alpha-Emergence Behavioral Health. The complete evaluation, including the results of a complete set of objective testing instruments, is submitted for the Court's consideration in a sealed submission contemporaneously with this pleading. The conclusions: "Mr. Lazzaro is at a Low Risk for sexual recidivism," has normal sexual interests, and does not meet the criteria for pedophilic disorder (as repeatedly suggested, without support, by the Government).

The Government's suggested sentence also runs far afoul of the congressional directive to avoid unwarranted sentencing disparities, while basing it on a complete misreading of what Congress intended: "The government can think of no more serious offense than the sex trafficking of children." Gov't Set. Memo at 30. If fact, Congress was clear that the trafficking of minors over the age of 14 was a significantly *less* serious offense than the trafficking of persons by the use of force, fraud, or coercion. The latter requires a mandatory term of imprisonment of 15 years; the former only 10

years. Both of these obviously are significant penalties, but the Government's request for a thirty-year sentence in a case involving only five alleged victims, all of whom were voluntary participants, is mind-bending considering that the Government requested far shorter sentences – and this Court imposed far shorter sentences – in a recent case involving *hundreds* of victims, all of who were compelled to engage in hundreds if not thousands of commercial sex acts by force, threats, coercion, and fraud over the course of years. *See United States v. Morris, et al.*, 17-Cr-107 (DWF/TNL).

The Government, of course, avoids reference to this and other cases in this district involving force, fraud, and coercion, and cites instead to cases involving the production of child pornography that bear no resemblance to the nature of the offense at issue here. It cites to the *Charles* and *Rangel-Torres*, cases, for example, failing to inform the Court that those cases both alleged counts of force, fraud, or coercion, and that the defendant in *Charles* also was convicted of the production of child pornography. As noted, this case truly is unique, and the allegations far less serious than the allegations and convictions in those other cases from this district.

Dated: 4 August 2023                    Respectfully submitted,

DANIEL L. GERDTS, LAWYER

*s/* Daniel L. Gerdts

_____
Daniel L. Gerdts (#207329)
331 Second Avenue South, Suite 705
Minneapolis, MN 55401
612-800-5086